**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0  Valuation of Security     0  Assumption of Executory Contract or Unexpired Lease     0  Lien Avoidance

**Last revised: August 1, 2020**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                                                           Case No.:     __17-17178__

    John Considine                                                     Judge:        __VFP__
    Christa Considine,

        Debtors (s)

## Chapter 13 Plan and Motions

☐ Original            ☒ Modified/Notice Required            Date: __11/18/2021__
☒ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ___SG_____     Initial Debtor: ___JC_____     Initial Co-Debtor: _____CC_____

1

**Part 1:** **Payment and Length of Plan**

a. The debtor shall pay $ 600 per Month to the Chapter 13 Trustee, starting on May 1, 2017 for approximately 66 months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion:

☐ Refinance of real property:
Description:
Proposed date for completion:

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion:

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

$32,333.00 paid to date, with $419.00 per month paid monthly from 12/2021 for the remaining life of the Plan as extended under 11 U.S.C. §1329(d).

2

**Part 2:    Adequate Protection ☒ NONE**

    a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2625.00 plus supplemental fees as allowed under the former version of DNJ LBR 2016-5 |
| DOMESTIC SUPPORT OBLIGATION | DSO | |

    b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: | | |

**Part 4:    Secured Claims**

    a.  **Curing Default and Maintaining Payments on Principal Residence:**  ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  | $ 0.00 | 0% | $ 0.00 | $ 0.00 |

    b.  **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:**  ☒ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

    c.  **Secured claims excluded from 11 U.S.C. 506:**  ☒ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  | 0% | $ 0.00 | $ 0.00 |
|  |  | 0% | $ 0.00 | $ 0.00 |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Region Oil | All Assets | 1226.87 | 205586.41 | 249177.00 | 0.00 | 0.00 | 0.00 |
| Asset Acceptance, LLC | All Assets | 995.39 | 205586.41 | 249177.00 | 0.00 | 0.00 | 0.00 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Specialized Loan Services, SLS Surrendered in full and final satisfaction | 20 Sunset Inn Road, Lafayette, NJ 07848 | 193889.00 | 0.00 |

5

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| Chrysler Capital/Santander USA | 2016 Chrysler 200 | $28,229.44 ($25232.00 base plus 5% interest) |

### Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

6

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| Region Oil | All assets | Judgment | 1226.87 | 205586.41 | 11687.41 | 249,177.00 | 1226.87 |
| Asset Acceptance, LLC | All assets | Judgment | 995.39 | 205586.41 | 11687.41 | 249,177.00 | 995.39 |

7

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**Part 8: Other Plan Provisions**

    **a. Vesting of Property of the Estate**

        ☒ Upon confirmation

        ☐ Upon discharge

    **b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    **c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

    1) Ch. 13 Standing Trustee commissions
    2) Other administrative claims including attorney's fees
    3) Secured claims and arrears
    4) Lease claims and arrears
    5) Priority claims and arrears
    6) General unsecured claims

    **d. Post-Petition Claims**

The Standing Trustee ☐ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:  Modification ☐ NONE**

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified:     4/9/2017    .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The Plan is being modified to take advantage of the CARES Act | The Plan term is being extended by 6 months to allow the Debtors to catch up with arrears.  The monthly payment is being reduced to pay out the same amount as the original amount of the Plan, but with 6 additional payments to spread out the payments. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes   ☒ No

9

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date:   11/18/2021            /s/John Considine
                              John Considine
                              Debtor

Date:   11/18/2021            /s/Christa Considine
                              Christa Considine
                              Joint Debtor

Date:   11/18/2021            /s/Scott J. Goldstein
                              Scott J Goldstein
                              Attorney for the Debtor(s)

United States Bankruptcy Court

District of New Jersey

In re:  Case No. 17-17178-VFP
John Considine  Chapter 13
Christa Considine

Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-2    User: admin    Page 1 of 3
Date Rcvd: Dec 06, 2021    Form ID: pdf901    Total Noticed: 39

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 08, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | John Considine, Christa Considine, 4578 Winkler Ave., Apt. 105, Fort Meyers, FL 33966-7025 |
| 516757283 | | Advocare Aerosty ENT Assoc, 400 Valley Rd # 105, Mount Arlington, NJ 07856-2316 |
| 516757284 | | American Expres, PO Box 1270, Newark, NJ 07101-1270 |
| 516954310 | | American Express Centurion Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |
| 516757286 | | Bank of America/ FIA CARD SERVICES, ATTN: BANKRUPTCY NC4-105-03-14, PO Box 26012, Greensboro, NC 27420-6012 |
| 516757291 | | CSG, PO Box 21490, Philadelphia, PA 19141-0490 |
| 516933932 | | Capital One, N.A., c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |
| 517491575 | | ECMC, PO BOX 16408, ST. PAUL, MN 55116-0408 |
| 517491576 | | ECMC, PO BOX 16408, ST. PAUL, MN 55116-0408, ECMC, PO BOX 16408 ST. PAUL, MN 55116-0408 |
| 516757292 | | First Financial Asset Mgmt, IN, PO Box 901, Fort Mill, SC 29716-0901 |
| 516757293 | | GC Services Limited Partnership, PO Box 3026, Houston, TX 77253-3026 |
| 516757294 | | IC System, 444 Highway 96 E, Saint Paul, MN 55127-2557 |
| 516757297 | | Mercantile, 165 Lawrence Bell Dr, Williamsville, NY 14221-7900 |
| 516757302 | | NCO Financial Systems, Inc., PO Box 12100, Trenton, NJ 08650-2100 |
| 516803748 | + | Navient Solutions, LLC on behalf of, PHEAA, PO BOX 8147, Harrisburg, PA 17105-8147 |
| 516757303 | | RAS Citron, LLC, 130 Clinton Rd Ste 202, Fairfield, NJ 07004-2927 |
| 516757304 | | Region Oil, 15 Richboynton Rd # 1, Dover, NJ 07801-2649 |
| 516895506 | + | Santander Consumer USA Inc., an Illinois corporati, P.O. Box 961278, Fort Worth, TX 76161-0278 |
| 516757306 | | Specialized Loan Servi, 8742 Lucent Blvd Ste 300, Highlands Ranch, CO 80129-2386 |
| 516757307 | | Specialized Loan Servicing/Sls, Attn: Bankruptcy, PO Box 636005, Littleton, CO 80163-6005 |
| 516757308 | | State of New Jersey, N.J. Division of Taxation Bankruptcy Sec, PO Box 245, Trenton, NJ 08695-0245 |
| 516915732 | + | U.S. Bank National Association,Trustee(See 410), c/o Specialized Loan Servicing, LLC, 8742 Lucent Blvd, Suite 300, Highlands Ranch, Colorado 80129-2386 |

TOTAL: 22

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: usanj.njbankr@usdoj.gov | Dec 06 2021 20:35:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Dec 06 2021 20:35:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| 516757285 | | Email/Text: BANKRUPTCY@ASSETACCEPTANCE.COM | Dec 06 2021 20:35:00 | Asset Acceptance, LLC, PO Box 1630, Warren, MI 48090-1630 |
| 516757289 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Dec 06 2021 20:49:18 | Capital One Bank USA N, 15000 Capital One Dr, Richmond, VA 23238-1119 |
| 516757287 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Dec 06 2021 20:49:29 | Capital One, Attn: Bankruptcy Department, PO Box 30285, Salt Lake City, UT 84130-0285 |
| 516757288 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Dec 06 2021 20:49:29 | Capital One, Attn: General Correspondence/Bankruptcy, PO Box 30285, Salt Lake City, UT 84130-0285 |
| 516757290 | | Email/Text: enotifications@santanderconsumerusa.com | | |

Case 17-17178-VFP    Doc 64    Filed 12/08/21    Entered 12/09/21 00:14:35    Desc Imaged
Certificate of Notice    Page 12 of 13

| District/off: 0312-2 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Dec 06, 2021 | Form ID: pdf901 | Total Noticed: 39 |

| | | | |
|---|---|---|---|
| | | Dec 06 2021 20:36:00 | Chrysler Capital, PO Box 961275, Fort Worth, TX 76161-0275 |
| 517491575 | Email/Text: ECMCBKNotices@ecmc.org | Dec 06 2021 20:35:00 | ECMC, PO BOX 16408, ST. PAUL, MN 55116-0408 |
| 517491576 | Email/Text: ECMCBKNotices@ecmc.org | Dec 06 2021 20:35:00 | ECMC, PO BOX 16408, ST. PAUL, MN 55116-0408, ECMC, PO BOX 16408, ST. PAUL, MN 55116-0408 |
| 516757294 | Email/Text: Bankruptcy@ICSystem.com | Dec 06 2021 20:36:00 | IC System, 444 Highway 96 E, Saint Paul, MN 55127-2557 |
| 516757295 | Email/Text: sbse.cio.bnc.mail@irs.gov | Dec 06 2021 20:35:00 | Internal Revenue Service, Centralized Insolvency Operation, PO Box 7346, Philadelphia, PA 19101-7346 |
| 516757296 | Email/Text: PBNCNotifications@peritusservices.com | Dec 06 2021 20:35:00 | Kohls/Capital One, Kohls Credit, PO Box 3043, Milwaukee, WI 53201-3043 |
| 516757298 | Email/Text: bankruptcydpt@mcmcg.com | Dec 06 2021 20:35:00 | Midland Credit Management, Inc, PO Box 2121, Warren, MI 48090-2121 |
| 516997383 + | Email/Text: bankruptcydpt@mcmcg.com | Dec 06 2021 20:35:00 | Midland Credit Management, Inc. as agent for, Asset Acceptance LLC, Po Box 2036, Warren MI 48090-2036 |
| 516757301 | Email/Text: bankruptcydepartment@tsico.com | Dec 06 2021 20:36:00 | NCO Financial Systems, Inc., PO Box 15760, Wilmington, DE 19850-5760 |
| 516757300 | Email/PDF: pa_dc_claims@navient.com | Dec 06 2021 20:49:20 | Navient, Attn: Bankruptcy, PO Box 9500, Wilkes Barre, PA 18773-9500 |
| 516757299 | Email/PDF: pa_dc_claims@navient.com | Dec 06 2021 20:49:20 | Navient, PO Box 9500, Wilkes Barre, PA 18773-9500 |
| 517286077 | Email/Text: peritus@ebn.phinsolutions.com | Dec 06 2021 20:36:00 | PERITUS PORTFOLIO SERVICES II, LLC, LLC/Wollemi Ac, PO BOX 141419, Irving, Tx 75014-1419 |
| 517286078 | Email/Text: peritus@ebn.phinsolutions.com | Dec 06 2021 20:36:00 | PERITUS PORTFOLIO SERVICES II, LLC, LLC/Wollemi Ac, PO BOX 141419, Irving, Tx 75014-1419, PERITUS PORTFOLIO SERVICES II, LLC, LLC/, PO BOX 141419, Irving, Tx 75014-1419 |
| 516757305 | Email/Text: enotifications@santanderconsumerusa.com | Dec 06 2021 20:36:00 | Santander Consumer USA, PO Box 961275, Fort Worth, TX 76161-0275 |

TOTAL: 20

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 08, 2021         Signature:    /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 6, 2021 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Brian C. Nicholas | on behalf of Creditor U.S. ROF III Legal Title Trust 2015-1 by U.S. Bank National Association, as Legal Title Trustee bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Denise E. Carlon | on behalf of Creditor U.S. ROF III Legal Title Trust 2015-1 by U.S. Bank National Association, as Legal Title Trustee dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com |
| Marie-Ann Greenberg | magecf@magtrustee.com |
| Scott J. Goldstein | on behalf of Debtor John Considine sjg@sgoldsteinlaw.com cmecf.sgoldsteinlaw@gmail.com;notices@uprightlaw.com;g31979@notify.cincompass.com;goldstein.scottb107612@notify.bestcase.com |
| Scott J. Goldstein | on behalf of Joint Debtor Christa Considine sjg@sgoldsteinlaw.com cmecf.sgoldsteinlaw@gmail.com;notices@uprightlaw.com;g31979@notify.cincompass.com;goldstein.scottb107612@notify.bestcase.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 6